1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   U.S. BANK NATIONAL ASSOCIATION,
     AS TRUSTEE FOR THE LXS 2006-16N
11   TRUST FUND,

12             Plaintiff,                    No. 2:10-cv-02736 KJM KJN PS

13        v.

14   MARLENE GONZALES; and
     DOES 1-10, inclusive
15
               Defendants.                   FINDINGS AND RECOMMENDATIONS
16   _____/

17             Presently before the court is plaintiff's motion to dismiss for lack of an existing

18   state court action, and plaintiff's motion for an order remanding this unlawful detainer action to

19   the Superior Court of the State of California, County of Sacramento ("Superior Court").  (Dkt.

20   Nos. 4, 13.)[1]  For the reasons that follow, the undersigned recommends that: (1) plaintiff's

21   motion to dismiss be denied; (2) plaintiff's motion to remand be granted; and (3) that this entire

22   case be remanded to the Superior Court for further proceedings.

23   ////

24   ////

25   _____
           [1]  This action proceeds before the undersigned pursuant to Eastern District of California
26   Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

                                              1

I.      BACKGROUND

Plaintiff is alleged to be the purchaser of real property at a trustee's sale effectuated under California state law.[2] (Compl. for Unlawful Detainer ("Complaint") ¶ 1, Dkt. No. 4.)  Defendant is an individual who is alleged to be a holdover occupant and previous owner of the subject property.  (Id. ¶ 2.)  Defendant is a resident of the State of California.  (Notice of Removal ¶ 16, Dkt. No. 1.)

Plaintiff alleges that on March 17, 2010, following the trustee's sale and perfection of plaintiff's title to the subject property, it served defendant with a "Three Day Notice for Possession," which required defendant to quit and deliver up possession of the premises to plaintiff.  (Compl. ¶ 5.)  Plaintiff alleges that defendant remains in possession of the property. (Id. ¶ 6.)

On April 7, 2010, plaintiff filed its verified Complaint in the Superior Court, seeking: (1) restitution and possession of the real property in question; (2) damages at a rate of $50.00 per day from March 21, 2010, until the date of entry of judgment for plaintiff; and (3) costs and further relief as is proper.  (Id. at 3.)  The caption of the Complaint states the following: "DEMAND UNDER $10,000."  (Id. at 1.)  On May 18, 2010, the Superior Court entered judgment in favor of plaintiff.  (See Writ of Execution of Possession of Real Property ("Writ of Execution"), Dkt. No. 1 at 19-20.)  Subsequently, a Writ of Possession was issued on May 28, 2010, followed by a Notice to Vacate.  (Dkt. No. 1 at 21.)  Defendant implies that an

---

[2] Plaintiff requests that the court take judicial notice of the Complaint for Unlawful Detainer filed in the state court action.  (Req. for Judicial Notice, Dkt. No. 4.)  The district court may take judicial notice of state court actions where the state court proceedings have a direct relation to the matters at issue.  See, e.g., Betker v. U.S. Trust Corp. (In re Heritage Bond Litig.), 546 F.3d 667, 670 n.1, 673 n.8 (9th Cir. 2008) (citing U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992)); Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007); Cactus Corner, LLC v. U.S. Dep't of Agric., 346 F. Supp. 2d 1075, 1092 (E.D. Cal. 2004).  Accordingly, the undersigned grants defendant's request for judicial notice. Additionally, the court takes judicial notice, sua sponte, of the Writ of Execution for Possession and the Notice to Vacate (Dkt. No. 1 at 19-21).  See Fed. R. Evid. 201 ("A court may take judicial notice, whether requested or not.").

1  order was issued by the Sacramento Superior Court which addressed a "Motion to Stay and

2  Recall Writ." (Notice of Removal ¶ 19.) However, defendant did not file this document with the

3  court as required by 28 U.S.C. §1446(a).[3]

4       On October 8, 2010, defendant removed this unlawful detainer action to this court

5  on the grounds that: (1) this court has original jurisdiction because defendant's "principle claim

6  for relief concerns [U.S. Bank's] wrongful foreclosure practices which action arises under

7  28 U.S.C. § 1331"; and (2) this court has original jurisdiction over this action under 28 U.S.C.

8  § 1332 because plaintiff's state of incorporation is not California and defendant is a resident of

9  California. (Notice of Removal ¶¶ 14-16.)

10       Plaintiff filed a motion to remand on January 11, 2011. (Dkt. No. 4.) Plaintiff's

11  motion seeks remand on the ground that this court lacks subject matter jurisdiction. Defendant

12  did not file an opposition. The court heard this matter on its law and motion calendar on

13  February 17, 2011. Attorney Deepika S. Saluja appeared on behalf of plaintiff. Defendant did

14  not appear.

15       Before proceeding to discuss the motion to remand, the undersigned addresses a

16  preliminary matter—the recently filed motion to dismiss. At the February 17, 2011 hearing on

17  the motion to remand, the undersigned expressed concern regarding the status of the state court

18  action. The undersigned informed plaintiff's counsel that in their respective filings, the parties

19  had each represented that a final judgment had been entered, but that the court's records did not

20  contain any support for these assertions.[4] Further, the undersigned informed counsel that if there

21

22     [3] "A defendant or defendants desiring to remove any civil action or criminal prosecution
from a State court shall file in the district court for the United States for the district and division

23  within which such action is *pending* a notice of removal. . . containing a short and plain
statement of the grounds for removal, together with a copy of *all process, pleadings, and orders*

24  served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a) (emphasis
added).

25

26     [4] In its moving papers, plaintiff notes that remand is required because "the State Court
Action has been disposed of by judgment." (Mot. to Remand at 6, Dkt. No. 4.) Similarly, in her

1  was no existing action to remove, logically, there was no action to remand.  See U.S.C. § 1446;

2  see also Ristuccia v. Adams, 406 F.2d 1257, 1258 (9th Cir. 1969) (per curiam) ("We hold that, as

3  a matter of logic, if appellants had no existing cause of action to remove, the fact that the district

4  court has determined that appellants lacked a removable cause of action creates no cause of

5  action that can be remanded.")

6          To determine whether there was any action to remand to state court, the

7  undersigned inquired of plaintiff's counsel: (1) whether the state court action had reached a final

8  judgment; (2) whether defendant's representation that she had filed a Motion to Stay and Recall

9  the Writ of Possession was accurate; and (3) why plaintiff sought to remand, rather than dismiss

10  this action, if in fact the state court action had proceeded to a final judgment.

11          Plaintiff's counsel again represented that a final judgment had been entered.  The

12  court then ordered counsel to file, within one week, evidence of the final state court judgment.

13  (Minute Order, Dkt. No. 12.)  Further, the court informed counsel that if there had been a ruling

14  on the Motion to Stay and Recall, this document should also be filed with this court.  Finally, the

15  undersigned advised plaintiff's counsel that if the state court documents established that there

16  was no action to remove at the time the Notice of Removal was filed with this court, then a

17  motion to dismiss would be the procedural device for disposing of the federal court action.

18  Counsel was instructed that if a motion to dismiss was required, plaintiff would need to notice

19  such a motion and brief the grounds on which dismissal would be proper.

20          On February 24, 2011, plaintiff filed a motion to dismiss.  (Dkt. No. 13.)  Despite

21  this court's guidance at the February 17, 2011 hearing, the arguments supporting this motion

22  miss the point.  Rather than addressing the status of the state court action, the motion to dismiss

23  makes the same arguments found in the motion to remand, i.e., lack of subject matter

24  jurisdiction.  Further, although counsel attached evidence of the final judgment, no documents or

25

26  Notice of Removal, defendant references a judgment filed on May 18, 2010, nearly five months
before this action was removed.  (Notice of Removal ¶ 19.)

4

representations were made regarding the Motion to Stay and Recall the Writ of Possession. Absent documents or declarations demonstrating that the Motion to Stay and Recall the Writ of Possession is not currently pending in state court, plaintiff has failed to establish that there was no pending action to remove to federal court.  Accordingly, the undersigned recommends that plaintiff's motion to dismiss be denied.  The undersigned next addresses plaintiff's motion to remand.

II.     LEGAL STANDARDS

        The federal courts are courts of limited jurisdiction, and only cases which could have originally been brought in federal court may be properly removed from state court. 28 U.S.C. § 1441(a)[5]; Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  Further, a defendant may not remove a case to federal court unless it is established, from the face of the plaintiff's complaint, that original jurisdiction over the civil action lies with the federal courts. Gweke Ford v. St. Jospeh's Omni Preferred Care Inc., 130 F.3d 1355, 1357-58 (9th Cir. 1997) ("Questions of jurisdiction and removal are generally determined from the face of a 'well-pleaded' complaint.") (citing Franchise Tax Board v. Constr.  Labors Vacation Trust, 463 U.S. 1, 9-12 (1983)); Snow v. Ford Motor Co., 56 F.2d 787, 789 (9th Cir. 1977).

--------

[5]  In relevant part, the federal removal statute provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a), (b).

1    Unlawful detainer cases are state actions that may be removed to federal court

2  when "the components of federal jurisdiction are present." U.S. Bank Nat'l Ass'n v. Bravo, No.

3  CV 08-7736 GW (RCx), 2009 WL 210481, at *1 (C.D. Cal. Jan. 23, 2009) (unpublished) (noting

4  that unlawful detainer actions are not exempt from removal) (citing Swords v. Kemp, 423

5  F. Supp. 2d 1031, 1037 (N.D. Cal. 2005)). "The defendant bears the burden of establishing that

6  removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087

7  (9th Cir. 2009), cert. denied, 131 S. Ct. 65 (2010). "The removal statute is strictly construed

8  against removal jurisdiction," id., and removal jurisdiction "'must be rejected if there is any

9  doubt as to the right of removal in the first instance.'" Geographic Expeditions, Inc. v. Estate of

10  Lhotka, 599 F.3d 1102, 1106 (9th Cir. 2010) (per curiam) (quoting Gaus v. Miles, Inc., 980 F.2d

11  564, 566 (9th Cir. 1992)).

12  III.    DISCUSSION

13    Plaintiff urges this court to find that removal of this action was improper because:

14  (a) plaintiff's Complaint states no claim arising under federal law; (b) defendant has not shown

15  that the amount in controversy requirement for diversity jurisdiction has been met; and (c) the

16  "forum defendant" rule bars removal. Defendant's belief that she is entitled to removal is not

17  supported by the application of the relevant statutes and Ninth Circuit case law to the facts of this

18  case. Rather, the undersigned concludes that plaintiff's first two arguments are persuasive.

19  Accordingly, the undersigned recommends that this case be remanded to the Superior Court.

20    A.    Federal Question Jurisdiction Does Not Support Removal

21    Defendant asserts that removal is proper on the basis of the court's federal

22  question jurisdiction. Specifically, defendant alleges that plaintiff's conduct in foreclosing on

23  her home was subject to, and had to comply with, certain federal statutes. (Notice of Removal

24  ¶¶ 5-10.)

25    District courts have federal question jurisdiction over "all civil actions that arise

26  under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. "A case 'arises

6

1  under' federal law either where federal law creates the cause of action or 'where the vindication

2  of a right under state law necessarily turn[s] on some construction of federal law.'" Republican

3  Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (alteration in original)

4  (citing Franchise Tax Bd., 463 U.S. at 8-9). "[T]he presence or absence of federal-question

5  jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal

6  jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly

7  pleaded complaint." Placer Dome, Inc., 582 F.3d at 1091. "Jurisdiction is based on the

8  complaint as originally filed . . . ." Abada v. Charles Schwab & Co., 300 F.3d 1112, 1117 (9th

9  Cir. 2002) (citation and quotation marks omitted) (noting that the court must look to the

10 complaint as of the time the removal petition was filed).

11         Defendant alleges that to prevail on its unlawful detainer claim plaintiff must

12 prove that it has perfected title to the real property which is the subject of the unlawful detainer

13 action. Further, defendant argues, such proof necessarily raises issues that must be resolved

14 under federal law, including what amount to defendant's potential counterclaims asserted under

15 the Federal Truth In Lending Act ("TILA") and the Real Estate Settlement Procedures Act

16 ("RESPA"). (See Notice of Removal ¶¶ 8, 10, 15.) The undersigned is not persuaded by

17 defendant's argument.

18         A claim for unlawful detainer does not by itself present a federal question or

19 necessarily turn on the construction of federal law, and, therefore, no basis for federal question

20 jurisdiction appears on the face of the Complaint. See, e.g., U.S. Bank Nat'l Ass'n v. Tyler, No.

21 C-10-4033 PJH, 2010 WL 4918790, at *2 (N.D. Cal. Nov. 12, 2010) (unpublished) (concluding

22 that a single claim for unlawful detainer under state law does not provide a basis for federal

23 question jurisdiction); OneWest Bank FSB v. Ignacio, No. CIV S-10-1683 JAM DAD PS, 2010

24 WL 2696702, at *2 (E.D. Cal. July 6, 2010) (unpublished) (same); IndyMac Federal Bank, F.S.B.

25 v. Ocampo, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010)

26

1    (unpublished) (same); <u>HSBC Bank, N.A. v. Bryant</u>, No. 09-CV-1659-IEG (POR), 2009 WL

2    3787195, at *3 (S.D. Cal. Nov. 10, 2009) (unpublished) (same).

3              Moreover, defendant cannot rely on her potential counterclaims premised on

4    TILA, RESPA, and other federal statutes to establish a federal question because those claims do

5    not appear on the face of plaintiff's Complaint.  <u>See</u> <u>Vaden v. Discover Bank</u>, 129 S. Ct. 1262,

6    1272 (2009) (stating that federal question jurisdiction cannot rest upon an actual or anticipated

7    defense or counterclaim); <u>accord</u> <u>Hunter v. Philip Morris USA</u>, 582 F.3d 1039, 1042-43 (9th Cir.

8    2009); <u>Takeda v. Nw. Nat'l Life Ins Co.</u>, 765 F.2d 815, 822 (9th Cir. 1985).  Accordingly,

9    federal question jurisdiction does not provide a proper basis for removal.

10              B.     <u>Diversity Jurisdiction Does Not Support Removal</u>

11              Defendant also removed this case on the basis of this court's diversity jurisdiction.

12   She alleges that she is a resident and citizen of California but that plaintiff's state of

13   incorporation is "NOT CALIFORNIA."  (Notice of Removal ¶ 16.)  Defendant did not provide a

14   factual basis for this court to find that plaintiff's main office is not located in the state of

15   California.[6]  Regarding the amount in controversy, defendant argues that the matter in

16   controversy exceeds the statutory minimum because "[p]laintiff is attempting to wrongfully

17   deprive [d]efendant of their [*sic*] home valued [at] $259,362.00."  (<u>Id.</u>)  Plaintiff does not refute

18   that complete diversity exists, rather, plaintiff argues that removal is improper because: (1) the

19   minimum amount in controversy is not satisfied; and (2) defendant is a citizen of California and,

20   therefore, removal is barred by the "forum defendant" rule.  (Mot. to Remand at 7.)

21              1.     <u>The Amount in Controversy Does Not Exceed the Statutory Minimum</u>

22              Defendant argues that the amount in controversy is the value of the real property

23   at issue in the unlawful detainer action.  (Notice of Removal ¶ 16.)  Plaintiff claims that the

24
         [6]   "All national banking associations shall, for the purposes of all other actions by or
25   against them, be deemed citizens of the States in which they are respectively located."  28 U.S.C.
     § 1348.
26

1    amount in controversy is the amount of holdover damages, which it alleges are less than $14,500.

2    (Mot. to Remand at 7.)  Assuming that the parties are diverse for the purposes of diversity

3    jurisdiction, defendant has still failed to prove that the matter in controversy exceeds the sum or

4    value of $75,000.

5            District courts have diversity jurisdiction over "all civil actions where the matter

6    in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the

7    action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects

8    of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign

9    state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of

10   different States."  28 U.S.C. § 1332; see also Geographic Expeditions, Inc., 599 F.3d at 1106.

11   When determining the existence of removal jurisdiction, federal courts look to the face of the

12   complaint at the time that the complaint was filed.  See Caterpillar, Inc., 482 U.S. at 392.

13           Moreover, when a state court complaint affirmatively alleges that the amount in

14   controversy is less than the jurisdictional threshold, the party seeking removal must prove with

15   "legal certainty" that the jurisdictional amount is met.  See Lowdermilk v. U.S. Bank Nat'l

16   Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007); see also Wachovia Mortgage FSB v. Atencio, No. C

17   09-5275 BZ, 2010 WL 1221804, at *1 (N.D. Cal. Mar. 9, 2010) (unpublished) (finding that when

18   plaintiff has plead a "specific amount in damages" it is not necessary to look beyond the face of

19   the complaint) (citing Lowdermilk, 479 F.3d at 999); Valdez v. Allstate Ins. Co., 372 F.3d 1115,

20   1117 (9th Cir. 2004) (acknowledging the general "facially evident" rule but noting that the

21   inquiry is not confined to the face of the complaint when the amount in controversy is not stated

22   therein).

23           As the party seeking removal, defendant had the burden of establishing, to a legal

24   certainty, that the value of the claim meets the jurisdictional minimum.  To this end, defendant

25   argues that the amount in controversy is defined by the value of her home, rather than the amount

26   stated in the Complaint.  Defendant's argument is incorrect.  As noted above, when the plaintiff

9

1   has plead a specific amount in damages, those damages govern the propriety of removal. <u>See</u>,

2   <u>e.g.</u>, <u>U.S. Bank Nat'l Ass'n v. Belle</u>, Case No. 08-00763, 2008 U.S. Dist. LEXIS 54293, at *2

3   (C.D. Cal. July 8, 2008) (unpublished) (remanding an unlawful detainer action to Superior Court

4   based, in part, on the finding that defendant's claim for damages in excess of $370,000 were not

5   the damages which govern the propriety of removal); <u>U.S. Bank v. Lasoff</u>, No. CV 10-00235

6   MMM (Rcx), 2010 WL 669239, at *5 (C.D. Cal. Feb. 23, 2010) (unpublished) (holding that the

7   total potential damages, plaintiff's holdover damages demand, did not exceed $75,000); <u>Bravo</u>,

8   2009 WL 210481, at *3 (holding that for purposes of removal premised on diversity jurisdiction,

9   the damages emblazoned on the face of the unlawful detainer complaint are controlling).

10  Further, defendant offered only her own valuation of her home–which itself is unsupported by

11  objective evidence–to establish that the jurisdictional minimum has been met.  (<u>Compare</u>

12  Trustee's Deed Upon Sale, Dkt. No. 1 at 14 (listing the amount paid by plaintiff at the February

13  23, 2010 public auction as $242,352), <u>with</u> Notice of Removal ¶ 16 (stating that the value of the

14  home is  $259,362).)

15          Consequently, defendant did not establish with legal certainty that this court can

16  maintain diversity jurisdiction over this action because the face of the Complaint conspicuously

17  states, "Under $10,000," and defendant's characterization of the value of plaintiff's claim is

18  unsupported by fact or law.  Accordingly, the undersigned recommends that this action be

19  remanded to the Superior Court.[7]  See <u>GMAC Mortgage, LLC v. Martinez</u>, No. CV 10-02882

20

21          [7]  In addition to removal of the unlawful detainer action, defendant requested
    consolidation with an action pending in the U.S. District Court for the Eastern District of
22  California, Case No. 2:10-cv-00374 KJM KJN, a class action suit.  Federal courts may
    consolidate actions which are before the court when they involve a common question of law or
23  fact.  <u>See</u> Fed. R. Civ. P. 42(a)(2).  Because the undersigned concludes that removal is not
    proper, the present action is not <i>before the court</i>, and therefore consolidation is not permitted.
24  <u>See</u> <u>Oregon Egg Producers v. Andrew</u>, 458 F.2d 382, 383 (9th Cir. 1972) (per curiam) (holding
    that Rule 42 cannot be used to avoid remand to state court by consolidating with a pending
25  federal action because Rule 42 can only be invoked in, and applied to, cases that are properly
    before the court); <u>U.S. for Use of Owens-Corning Fiberglass Corp. v. Brandt Constr. Co.</u>, 826
26  F.2d 643, 647 (7th Cir. 1987) (vacating a trial verdict and holding that the district court never

MMM (PLAx), 2010 WL 1931268, at *4 (C.D. Cal. May 10, 2010) (unpublished) (remanding unlawful detainer action to state court where plaintiff filed action as a limited civil action with an affirmative demand of less than $10,000); accord Wells Fargo Bank, N.A. v. Cencil, No. C-10-01169 EDL, 2010 WL 2179778, at *3 (N.D. Cal. May 27, 2010) (unpublished); Lasoff, 2010 WL 669239, at *5; Deutsche Bank Nat'l Trust Co. v. Sitanggang, No. 1:09cv01835 AWI DLB, 2010 WL 144439, at *2 (E.D. Cal. Jan. 11, 2010) (unpublished); Bravo, 2009 WL 210481, at *2-3; HSBC Bank USA v. Ramirez, No. CV 08-05638-RGK (CWx), 2008 WL 4724055, at *2 (C.D. Cal. Oct. 21, 2008) (unpublished).

        2.     Plaintiff Waived Reliance on the Forum Defendant Rule

        Plaintiff also argues that as a resident of California, defendant may not remove the underlying action to this court.  However, plaintiff has waived any reliance on the forum defendant rule by filing an untimely motion to remand.

        The rule governing removability expressly states that an action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. 1441(b).  Therefore, as a general matter, removal premised on diversity jurisdiction is improper where one of the defendants named in the action is a resident of the forum state.  Spencer v. U.S. Dist. Court for N. Dist. of Cal., 393 F.3d 867, 870 (9th Cir. 2004).  However, "[a] motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a)."  28 U.S.C. § 1447(c) (emphasis added).

        Interpreting Section 1447(c), the Ninth Circuit Court of Appeals has held that a violation of the forum defendant rule is "a waivable non-jurisdictional defect subject to the 30-

---

acquired ancillary jurisdiction over improperly removed case by consolidating it with related and properly filed case because Rule 42 requires that both cases be "pending before the court and an improperly removed action does not meet this criterion"); see also Lasoff, 2010 WL 669239, at *1 ("An already-existing federal action cannot provide the mechanism for removal of a non-removable state-court action.") (internal citations omitted).

1   day time limit." <u>Lively v. Wild Oats Market, Inc.</u>, 456 F.3d 933, 942 (9th Cir. 2006), <u>cert.</u>

2   <u>denied</u>, 549 U.S. 1207 (2007); <u>see</u> <u>also</u> <u>Coto Settlement v. Eisenberg</u>, 593 F.3d 1031, 1034 (9th

3   Cir. 2010) (retaining jurisdiction for want of a timely motion to remand that was premised on the

4   forum defendant rule); <u>Powell v. DEF Express, Inc.</u>, 265 Fed. Appx. 672, 674 (9th Cir. 2008)

5   (holding that plaintiff waived procedural objections to removal, including one based on the

6   forum defendant rule, where the motion for remand was not filed within 30 days of removal).

7           Here, plaintiff's motion to remand was filed more than 90 days after defendant's

8   removal, i.e., outside of the 30-day window.  As a result, plaintiff has waived any procedural

9   objections to removal, including the forum defendant rule.  Accordingly, remand is not proper on

10  the grounds that defendant's removal violated the forum defendant rule.

11  IV.   <u>CONCLUSION</u>

12          For the reasons stated above, IT IS HEREBY RECOMMENDED that:

13          1.    Plaintiff's motion to dismiss (Dkt. No. 13) be denied.

14          2.    Plaintiff's motion to remand (Dkt. No. 4) be granted and that this entire

15  case be remanded to the Superior Court of the State of California, County of Sacramento.

16          3.    This case be closed and all dates in this matter be vacated.

17          These findings and recommendations are submitted to the United States District

18  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

19  days after being served with these findings and recommendations, any party may file written

20  objections with the court and serve a copy on all parties.  <u>Id.</u>; <u>see</u> <u>also</u> E. Dist. Local Rule 304(b).

21  Such a document should be captioned "Objections to Magistrate Judge's Findings and

22  Recommendations."  Any response to the objections shall be filed with the court and served on

23  ////

24  ////

25  ////

26

1  all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).

2  Failure to file objections within the specified time may waive the right to appeal the District

3  Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d

4  1153, 1156-57 (9th Cir. 1991).

5              IT IS SO RECOMMENDED.

6  DATED:  March 22, 2011

7

8                                    KENDALL J. NEWMAN

9                                    UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26